IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| CLARENCE ARMSTRONG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| ILLINOIS BELL TELEPHONE | ) | CV-00-AR-2279-S |
| COMPANY d/b/a/ AMERITECH | ) | |
| ILLINOIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

FILED
01 JAN -8 PM 1:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 8 2001

**MEMORANDUM OPINION**

Before the court are two motions. The first is the motion of plaintiffs, Clarence Armstrong and Janice Armstrong (the "Armstrongs"), for reconsideration of this court's December 6, 2000, order entered in favor of defendant, Illinois Bell Telephone Company d/b/a/ Ameritech Illinois ("Ameritech"). The second is the motion of defendant, McAllister & Associates, Inc., ("McAllister") to transfer the case to the United States District Court for the Northern District of Illinois.

The Armstrongs reassert their contention that this court should exercise *in personam* jurisdiction over Ameritech, even though Ameritech's contacts with Alabama were minimal and sporadic. The Armstrongs argument is built upon their contention that it was Ameritech's few contacts with Alabama that gave rise to the cause of action. A further underlying assumption is that Ameritech's

contractual relationships with assorted debt collection agencies, i.e., CSC Credit Services, Inc. ("CSC"), Cash Flow Consultants ("CFC"), and McAllister, make the collection agencies agents of Ameritech, rather than independent contractors whose acts would not trigger respondeat superior liability for the purpose of determining long-arm jurisdiction. The court is not persuaded by the Armstrongs' post-judgment arguments.

In order to establish *in personam* jurisdiction over Ameritech, the Armstrongs must satisfy each of the following three requirements: (1) that Ameritech performed some act by which it purposefully availed itself of the privilege of conducting business in Alabama, thereby invoking the benefits and protections of its laws; (2) that the Armstrongs' claims arise out of, or result from, Ameritech's activities in Alabama; and (3) that the exercise of jurisdiction by an Alabama court would be fair and reasonable. *See Allegiant Physicians Services, Inc., v. Sturdy Memorial Hospital*, 926 F. Supp. 1106 (N.D. Ga. 1996); *Williams v. Conseco, Inc.*, No. 99-0118-BH-C, 1999 U.S. Dist. LEXIS 20412, at *9 (S.D. Ala. Dec. 8, 1999). The Armstrongs do not and cannot satisfy this three-prong test.

An indispensable element of *in personam* jurisdiction "is that the defendant could have reasonably anticipated that the effects of his[, her or its] acts would be felt by the plaintiff in Alabama."

2

*Leventhal v. Harrelson*, 723 So.2d 566, 569 (Ala. 1998) (*citing Baker v. Bennett*, 603 So.2d 928, 934 (Ala. 1992). Ameritech's only direct contact whatsoever with Alabama was in response to the unilateral activity of Mr. Armstrong, himself, who just happened to be a resident of Alabama. For aught appearing, Ameritech had no idea that Mr. Armstrong was a resident of Alabama when it first treated him as a customer. In fact it could not have provided him its service in Alabama, where it is not qualified to do business. Ameritech's actions, and the consequences of those actions, do not constitute enough contact with Alabama to pass the threshold "minimum" as to provide Ameritech a basis for reasonably anticipating being haled into court here.

Another crucial undisputed fact remains that "there is no proof that Ameritech itself knowingly sent any derogatory credit information, much less false information, into Alabama." *Memorandum Opinion*, at 11. The mere fact that Ameritech had a contract with a debt collection agency does not mean that it "exercised a right of control over the manner of the alleged agent's performance." *Malmberg v. American Honda Motor Co., Inc.*, 644 So.2d 888, 890 (Ala. 1994). In order to prove jurisdiction, the Armstrongs had the burden of proving that Ameritech exercised sufficient control over its debt collectors to make them, in practical effect, the servants, agents or employees of Ameritech.

3

The Armstrongs cannot meet this burden by mere conclusory allegation. Unlike the contacts of the debt collectors, themselves, Ameritech's contacts with Alabama were indirect, random, fortuitous and attenuated. They simply do not meet the "due process" standard for establishing *in personam* jurisdiction.

The Armstrongs' motion for reconsideration will be denied and a transfer to the United States District Court for the Northern District of Illinois will be effectuated.

In the order of December 15, 2000, this court gave the Armstrongs until December 28, 2000, to respond to McAllister's motion to transfer venue to Illinois. No such response has been received from the Armstrongs, probably because they prefer not to bifurcate their case. Because the claims against Ameritech and McAllister should be tried together, McAllister's motion will be granted.

DONE this 8th day of January, 2001.

                                              WILLIAM M. ACKER, JR.
                                              UNITED STATES DISTRICT JUDGE